IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY HEDGE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **06-498-MJR** |
| ) | |
| **WALT'S DRIVE-A-WAY SERVICE, INC., et al.** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Pacific Trailer Repair Services' motion for leave to have an independent medical examination of the plaintiff by a Washington University rheumatologist, Dr. John Atkins. **(Doc. 46).** Defendants Walt's Drive-A-Way Services and Dino's Trucking have moved to join in the motion for medical examination **(Docs. 47 and 48)**; therefore, the Court considers the motion for examination to be made by all three defendants. The defendants cite the April 6, 2007, physical capacity evaluation issued by plaintiff's treating physician, Dr. Margherita, which is contrary to prior reports, and thus created an issue for the defendants that had not been realized during the ordinary course of discovery.

Plaintiff objects to the proposed medical examination, noting that discovery closed April 8, 2007, and the exam would not occur until late June. **(Doc. 49).** Citing Dr. Margherita's notes from December 2005 and April 2006, plaintiff questions whether Dr. Margherita's April 2007 report really created any new issues.

1

As a preliminary matter, the Court finds that defendants' motion satisfies the requirements of Federal Rule of Civil Procedure 35, in that there is no dispute about Dr. Atkinson's qualifications. The Court also finds the two suggested dates for the examination are sufficiently specific for purposes of the motion. Plaintiff's objections relate solely to discovery being conducted after the previously ordered discovery cutoff.

Although Dr. Margherita's most recent evaluation occurred before the April 8, 2007, discovery cutoff, it was not turned over until April 23, 2007. There is an argument to be made that the report cannot be used because it was not timely disclosed, but the defendants have not chosen that tact. In any event, it is always preferable for cases to be tried on the best evidence available, so the Court attempts to facilitate and accommodate discovery after the discovery cutoff, provided no party is unfairly prejudiced. The Court recognizes that fairness dictates that if the period for discovery is extended to permit Dr. Atkinson's exam, the depositions of Drs. Margherita and Atkinson might also be needed, so that no party is unduly prejudiced.

The defendants do not explain why they waited a full month after receiving Dr. Margherita's report to move for an independent medical exam. Nevertheless, the Court agrees that Dr. Atkinson's April 2007 report creates a material dispute, where before there may have only been some minor discrepancies– the proverbial smoke has turned to fire. Therefore, an independent medical examination is appropriate.

With respect to timing, even if the exam is not performed until late June, the parties still have until the August 3, 2007, final pretrial conference to complete the depositions of Drs. Margherita and Atkinson, if necessary. The Court strongly suggests that if any party thinks those depositions may be needed that they schedule them immediately, as doctors are notoriously

short on time, and Judge Reagan's trial dates are virtually set in stone.

**IT IS THEREFORE ORDERED** that defendants Walt's Drive-A-Way Services and Dino's Trucking's motions to join in defendant Pacific Trailer Repairs' motion for medical examination **(Docs. 47 and 48)** are **GRANTED**; the motion for medical examination **(Doc. 46)** is considered filed by all three defendants.

**IT IS FURTHER ORDERED** that the defendants' motion for an independent medical examination of plaintiff by Dr. Atkinson **(Doc. 46)** is **GRANTED**.  Accordingly, discovery will be permitted through July 31, 2007, for the limited purpose of conducting the aforementioned medical exam, and taking the depositions of Drs. Margherita and Atkinson, if necessary.

**IT IS FURTHER ORDERED** that plaintiff Anthony Hedge shall be examined by Dr. John Atkinson in St. Louis, Missouri, on whichever of the two proposed dates is most convenient for plaintiff– either June 21 or 28, 2007.  On or before **June 14, 2007**, plaintiff shall inform the defendants of which date he has elected, and defendants shall immediately confirm the appointment and ensure that plaintiff is provided with Dr. Atkinson's address and telephone number.  Dr. Atkinson's report shall be made available to all parties.

**IT IS FURTHER ORDERED** that the settlement conference set for **June 18, 2007**, is **CANCELLED**, to be reset by separate notice to a date in July 2007, after the medical examination.

**IT IS SO ORDERED.**

DATED: June 6, 2007

                                                                           **s/ Clifford J. Proud**
                                                                           **CLIFFORD J. PROUD**
                                                                           **U. S. MAGISTRATE JUDGE**